IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | |
|---|---|
| TRAVIS C. KAUFFMANN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | File No. 1:23-cv-03836-TWT |
| ) | |
| KRISTINE KAUFFMANN HOPE ) | |
| ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANT KRISTINE KAUFFMANN HOPE'S
ANSWER TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW, Defendant Kristine Kauffmann Hope ("Kristine"), Defendant in the above-entitled matter, hereby files her Answer to Plaintiff Travis C. Kauffmann's ("Travis") Complaint, showing as follows:

<u>FIRST DEFENSE</u>

Travis' Complaint fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

Travis' Complaint is barred in whole or in part by the doctrines of accord and satisfaction, acquiescence, equitable estoppel, ratification, release, and waiver.

<u>THIRD DEFENSE</u>

This Court lacks subject matter jurisdiction over one or more of the claims in this case.

## FOURTH DEFENSE

Travis' Complaint is barred in whole or in part to the extent that Travis lacks standing to assert his claims.

## FIFTH DEFENSE

Travis' Complaint is barred in whole or in part to the extent that Travis has failed to join a necessary party.

## SIXTH DEFENSE

Travis' claims are barred by the statute of limitations.

## SEVENTH DEFENSE

Subject to and without waiving the foregoing defenses, and by way of further response to the numbered allegations of Travis' Complaint, Kristine responds as follows:

1.

Kristine admits that Travis is an individual and was the sole surviving beneficiary of the Craig C. Kauffmann Trust ("Craig's Trust") created for the primary benefit of his father, Craig C. Kauffmann ("Craig"), on March 5, 2008.

Kristine lacks knowledge or information sufficient to form a belief as to Travis' citizenship and residency. Kristine denies the remaining allegations of Paragraph 1.

2.

Kristine admits that she is an individual and is a citizen and resident of Fulton County, Georgia. Kristine further admits that she is the sister of Travis' deceased father and served as successor trustee of Craig's Trust. Kristine denies the remaining allegations of Paragraph 2.

3.

Kristine admits that she is a citizen of Georgia. Kristine lacks knowledge or sufficient information to form a belief as to Travis' state of citizenship.

4.

Kristine admits the allegations of Paragraph 4.

5.

The allegations of Paragraph 5 constitute legal conclusions to which no response is required. To the extent that any response is required, Kristine lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 5.

6.

The allegations of Paragraph 6 constitute legal conclusions to which no response is required.  To the extent that any response is required, Kristine admits that venue in this Court pursuant to 28 U.S.C. § 1391 (b)(1) is proper in that she is a resident of the state of Georgia domiciled in the judicial district of this Court. Kristine lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 6.

7.

Kristine admits the allegations of Paragraph 7.

8.

Kristine admits that pursuant to the terms of Craig's Trust, the trustee was authorized to make distributions of net income and encroach on the corpus of the Trust in accordance with the standards set forth in the Trust instrument.  Kristine further admits that Craig's Trust granted Craig a testamentary general power of appointment to appoint the assets of Craig's Trust to any individual, any charitable organization, Craig's estate, Craig's creditors, or the creditors of Craig's estate as Craig may specify in his Last Will and Testament.  Kristine states that the remaining allegations of Paragraph 8 are grammatically confusing and therefore denied as stated.

9.

Kristine admits the allegations of Paragraph 9.

10.

Kristine admits the allegations of Paragraph 10.

11.

Kristine admits the allegations of Paragraph 11.

12.

Kristine states that the provisions of the Agreement of Limited Partnership of CCK Investments speak for themselves. To the extent the allegations of Paragraph 12 of the Complaint are inconsistent with the terms, contents, meaning, or effect, those allegations are denied.

13.

Kristine lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 13.

14.

Kristine admits the allegations of Paragraph 14.

15.

Kristine admits that the terms of Craig's Trust provide that the trustee is to "furnish at least annually to each beneficiary entitled to receive income [thereunder] a statement of all receipts and disbursements made [thereunder]." Kristine denies the remaining allegations of Paragraph 15.

16.

Kristine states that the terms of Craig's Trust speak for themselves. To the extent the allegations of Paragraph 16 of the Complaint are inconsistent with the terms, contents, meaning, or effect, those allegations are denied.

17.

Kristine denies the allegations of Paragraph 17.

18.

Kristine denies the allegations of Paragraph 18.

19.

Kristine admits that among the assets of Craig's Trust was an investment portfolio of marketable securities managed by Morgan Stanley, the securities of which were transferred to a Morgan Stanley account titled in the name of CCK Investments, LLLP.  Kristine denies the remaining allegations of Paragraph 19.

20.

Kristine admits the allegations of Paragraph 20.

21.

Kristine denies the allegations of Paragraph 21.

22.

Kristine admits the first sentence of Paragraph 22. With respect to the second and third sentences of Paragraph 22, Kristine states that the terms of the Travis Kauffmann Trust speak for themselves. To the extent the allegations of the second and third sentences of Paragraph 22 of the Complaint are inconsistent with the terms, contents, meaning, or effect of the Travis Kauffmann Trust, those allegations are denied.  The remaining allegations of Paragraph 22 are ones to which no response is required.

23.

Kristine denies the first sentence of Paragraph 23.  Kristine states that the text of the emails cited in the second, third, fourth and fifth sentences of Paragraph 23 speak for themselves. To the extent the allegations contained in the second, third, fourth and fifth sentences of Paragraph 23 are incomplete, distort context, or are otherwise inconsistent with the terms, contents, meaning, and effect of the

referenced emails, those allegations are denied. Kristine denies the remaining allegations of Paragraph 23.

24.

Kristine denies the allegations of Paragraph 24.

25.

Kristine denies the allegations of Paragraph 25.

## **COUNT I**

26.

The allegations of Paragraph 26 are ones to which no response is required.

27.

The allegations of Paragraph 27 constitute a legal conclusion to which no response is required. To the extent that a response is required, Kristine states that a trustee is a fiduciary that owes legal duties to the beneficiaries and others, the scope and application of which are dependent on the circumstances.

28.

Kristine admits that as trustee she owed fiduciary duties to Travis as a beneficiary, the scope and application of which are dependent on the terms of the

Trust and the circumstances in question. Kristine denies that that she had a duty to issue periodic reports to Travis or failed to properly distribute trust assets to Travis when he turned 35.

29.

Kristine denies the allegations of Paragraph 29.

30.

Kristine denies the allegations of Paragraph 30.

31.

Kristine denies the allegations of Paragraph 31.

32.

Kristine denies the allegations of Paragraph 32.

33.

Kristine denies the allegations of Paragraph 33.

34.

Kristine denies the allegations of Paragraph 34.

## **COUNT II**

35.

The allegations of Paragraph 35 are ones to which no response is required.

36.

Kristine admits that she freely and willingly agreed to serve as successor trustee of Craig's Trust.  Kristine denies the remaining allegations of Paragraph 36.

37.

Kristine denies the allegations of Paragraph 37.

38.

Kristine denies the allegations of Paragraph 38.

39.

Kristine denies the allegations of Paragraph 39.

**COUNT III**

40.

The allegations of Paragraph 40 are ones to which no response is required.

41.

Kristine denies the allegations of Paragraph 41.

42.

Kristine lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 42.

43.

Kristine denies the allegations of Paragraph 43.

Kristine denies that Travis is entitled to any of the relief sought in the *ad damnum* clause contained in the Complaint. Except as expressly admitted herein, each and every allegation of the Complaint, whether contained in numbered or unnumbered paragraphs, is denied.

WHEREFORE, having fully answered the Complaint, Kristine respectfully prays for the following:

a) That the relief requested in the Complaint be denied in its entirety;

b) That the costs of this action be taxed against Travis; and

c) For such other and further relief as to the Court seems proper and just.

Dated this 2nd day of October, 2023.

*[Signatures on the Following Page]*

CALDWELL, CARLSON,
ELLIOTT & DELOACH, LLP

/s/ Robert S. Carlson
Robert S. Carlson
Georgia Bar No. 110280
rcarlson@ccedlaw.com
Harry W. MacDougald
Georgia Bar No. 463076
hmacdougald@ccedlaw.com

Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956 (phone)
(404) 843-2737 (facsimile)   *Counsel for Kristine Kauffmann Hope*

## LOCAL RULE 5.1 CERTIFICATE

The undersigned certifies that the foregoing document was prepared in 14-point Times New Roman font and in accordance with the margin and other requirements of Local Rule 5.1.

/s/ Robert S. Carlson
Robert S. Carlson
Georgia Bar No. 110280

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing parties in the foregoing matter with a copy of the attached ***"Defendant Kristine Hope Kauffman's Answer to Plaintiff Travis C. Kauffmann's Complaint"*** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record for Plaintiff:

>Scott Ratchick, Esq.
>Chamberlain, Hrdlicka, White,
>Williams & Aughtry, P.C.
>191 Peachtree Street, N.E., 45th Floor
>Atlanta, Georgia, 30303
>scott.ratchick@chamberlainlaw.com

This 2nd day of October, 2023.

>CALDWELL, CARLSON,
>ELLIOTT & DELOACH, LLP
>
>/s/ Robert S. Carlson
>Robert S. Carlson
>Georgia Bar No. 110280

Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956 (phone)
(404) 843-2737 (facsimile)
rcarlson@ccedlaw.com