IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVIS C. KAUFFMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | File No. 1:23-cv-03836-TWT |
| ) | |
| KRISTINE KAUFFMANN HOPE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT KRISTINE KAUFFMANN HOPE'S RESPONSE IN OPPOSITION TO PLAINTIFF TRAVIS KAUFFMANN'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

COMES NOW, Defendant Kristine Kauffmann Hope ("Kristine"), and files her Response in Opposition to Plaintiff Travis Kauffmann ("Travis")'s Motion for Leave to Amend the Complaint, showing as follows:

### INTRODUCTION

Travis filed this lawsuit against Kristine on August 28, 2023. The Court's Scheduling Order permitted him to amend his Complaint without leave of Court only until May 9, 2024. Six months later, Travis has sought leave to amend his Complaint for two reasons. First, he seeks to update and clarify certain nomenclature used for the trusts at issue. Second, he seeks to add more detail to certain allegations already made against Kristine in the original Complaint in

1

connection with her use of trust funds to pay attorney's fees. Travis' motion should be denied for the reasons that follow.

## ARGUMENT AND CITATION TO AUTHORITY

### I. There Is No Confusion Concerning Trust Nomenclature and the Amendment Is Unnecessary.

Travis first seeks leave to belatedly amend his Complaint to clarify nomenclature for the SMK 2013 Trust (identified as the "Travis Kauffmann Trust" in the Complaint) and the Descendants Separate Trust (identified as part of the "Travis Kauffmann Trust" in the Complaint). Travis' proposed amendment for this purpose is totally unnecessary. There is neither dispute nor confusion between the parties regarding the identification of or references to these particular trust instruments. While clarification of the trust names is not needed, even if it were, a motion to amend a pleading solely to provide clarity and additional detail to facts already in issue may be denied. *Robertson v. Interactive College of Technology/Interactive Learning Sys., Inc.*, 743 Fed. App'x 269, 272–73 (11th Cir. 2018) (affirming denial of motion to amend for the purpose of "provid[ing] clarity and more details to facts already alleged").

### II. The Court Should Not Allow Amendment of Allegations Travis *Already Made* Regarding Kristine's Payment of Attorney's Fees Due to His Lack of Diligence and Failure to Show Good Cause.

2

When a party's motion for leave to amend is filed after the deadline set forth in the scheduling order, "the party must show good cause why leave to amend the complaint should be granted." *D.H. Pace Co. v. OGD Equipment Co.*, 515 F.Supp.3d 1316, 1321 (N.D. Ga. 2021). While Travis' Motion focuses solely on Rule 15's "liberal" standard to permit the amendment of pleadings, the Court is to apply this standard *only if* a showing of good cause to amend is first made. *Id.* at 1321-22. Despite citing to *D.H. Pace Co.* in his Motion, Travis neither explains why good cause exists for him to amend his Complaint nor mentions that "good cause" is the standard. Here, Travis has not shown good cause to amend his Complaint to simply add additional detail to his already existing contentions concerning the payment of attorney's fees. He has already made the claims. Furthermore, his proposed amendment exemplifies a lack of diligence based on its reliance on information that has been in his or his counsel's possession for nearly two years.

First, Travis has already plainly made allegations against Kristine in his original Complaint relating to her payment of attorney's fees out of the various trusts at issue. Yet this is the gravamen of the requested—and unnecessary— amendment. Paragraph 24 of the Complaint alleges: "Not only did Kristine transfer the Craig Kauffmann Trust's assets out of the trust and out of the reach of Travis, but Kristine has used those funds and depleted the assets in CCK Investments'

3

account(s) to try to defend herself against her own egregious misconduct. Effectively, Kristine is improperly using Travis's own money to defend against Travis's efforts to recover what rightfully belongs to him . . ." (Complaint, ¶ 24). Paragraph 29 of the Complaint states: "Kristine breached her fiduciary duties to Travis by, among other things . . . using her control over the funds in CCK Investments to pay out funds from CCK Investments' account(s) to defend herself against her own egregious misconduct." (Complaint, ¶ 29). While Travis purports to seek to add additional details to these allegations by amendment, including amounts of certain payments made out of the trusts, he admits that "[t]he basis for Plaintiffs' claims remains unchanged." (Motion, p. 4). No new counts of the Complaint, causes of action, or legal theories are alleged in the proposed amendment.

In short, Travis should not be allowed to amend his Complaint solely to add additional detail to allegations already indisputably put in issue in this case. *Callwood v. Jones*, 727 Fed. App'x 552, 557-58 (11th Cir. 2018) (affirming denial of motion to amend when motion "did not present new information" and the plaintiff had access to the information to support the proposed amended complaint before filing the case); *Robertson v. Interactive College of Technology/Interactive Learning Systems, Inc.*, 743 Fed. App'x 269, 272–73 (11th Cir. 2018) (affirming denial of motion to amend for the purpose of "provid[ing] clarity and more details

4

*to facts already alleged*") (emphasis added). Much like in *Robertson*, Travis seeks to amend his Complaint to "more fully specify his claims." (Motion, p. 1). Travis' make-weight amendment serves no purpose whatsoever. *See Evans v. Aurora Loan Servs., LLC*, 2008 WL 11470898, at *2 (N.D. Ga. 2008) ("The rules of notice pleading require only that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 8(a)(2).

Second, Travis offers no excuse for his lack of diligence in failing to seek amendment of his allegations before now. By his former counsel's own admission, Travis was informed of Kristine's payment from the trusts for attorney's fees as of at least December 22, 2022, if not earlier—nearly *two years* ago. (See Exhibit "A," email from Travis' former counsel) ("[I]n an email to me dated 12/22/22 you said that 'Cohen Pollock has billed $71,592 and CCK has paid $65,688. In addition, Borden Taylor . . . has also charged some consulting fees which were also paid by CCK Investments. His fees are $6,525.'").[1] Neither the accounts from which the payments were made, the individuals and entities being paid, nor the purpose of the payments could come as a surprise. Travis' own counsel's statements bely the

---

[1] Exhibit "A" has been redacted in its entirety except for the portion quoted here because it is a settlement communication. However, evidence from settlement negotiations is admissible to show knowledge and is offered for that purpose. *See* Fed. R. Evid. 408(b).

5

contention that "newly discovered facts" relating to Kristine's use of the trust assets were revealed. (Motion, p. 3).

Moreover, Paragraph 27 of the proposed Amended Complaint relies upon multiple documents produced by Kristine's counsel to Travis' counsel on February 2, 2024—more than three months *before* the regular amendment deadline passed. (referencing KKH – 2334 and KKH – 2510). *See also* Exhibit "B" (2/2/24 email transmittal to Travis' former counsel of KKH – 1 to KKH – 6048). Travis has offered absolutely no valid reason why he should be permitted to amend claims on the basis of documents and information known to him for months and/or years just one month before the close of fact discovery. *Robertson*, *supra*, at 272 ("A lack of diligence in pursuing a claim is sufficient to show a lack of good cause."); *Snadon v. SEW-Eurodrive, Inc.*, 2020 WL 13544503, at *3–4 (N.D. Ga. 2020) (denying motion for leave to amend when proposed amendment was "based solely on information that was readily accessible to [plaintiff] for over a year-and-a-half before she filed this motion for leave").

For these reasons, Kristine respectfully requests that this Court deny Travis' Motion and disallow amendment of the Complaint.

*Signature on the following page*

Respectfully submitted, this 22nd day of November, 2024.

        CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP

        /s/ Lauren J. Miller
        Robert S. Carlson
        Georgia Bar No. 110280
        rcarlson@ccedlaw.com
        Harry W. MacDougald
        Georgia Bar No. 463076
        hmacdougald@ccedlaw.com
        Lauren J. Miller
        Georgia Bar No. 610444
        lmiller@ccedlaw.com

6 Concourse Parkway
Suite 2400
Atlanta, Georgia 30328    *Counsel for Kristine Kauffmann Hope*

## **LOCAL RULE 5.1 CERTIFICATE**

The undersigned certifies that the foregoing document was prepared in 14-point Times New Roman font and in accordance with the margin and other requirements of Local Rule 5.1.

/s/ Lauren J. Miller
Lauren J. Miller
Georgia Bar No. 610444

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served a copy of the foregoing *Defendant Kristine Kauffmann Hope's Response in Opposition to Plaintiff Travis Kauffmann's Motion for Leave to Amend the Complaint* by the Court's e-filing system to counsel of record below:

>H. Lamar Mixson
>Jason J. Carter
>Fredric J. Bold, Jr.
>Eliza L. Taylor
>Amanda Kay Seals
>BONDURANT, MIXSON & ELMORE, LLP
>1201 W Peachtree St NW, Suite 3900
>Atlanta, GA 30309-3417

This 22nd day of November, 2024.

>CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP
>
>/s/ Lauren J. Miller
>Lauren J. Miller
>Georgia Bar No. 610444
>lmiller@ccedlaw.com

6 Concourse Parkway
Suite 2400
Atlanta, Georgia 30328